NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREENPEACE, INC. and CASCADIA WILDLANDS PROJECT,

Plaintiffs-Appellants,

v.

EARL STEWART, Tongass National Forest Supervisor; et al.,

Defendants-Appellees.

No.   17-35945

D.C. No. 3:08-cv-00162-RRB

MEMORANDUM*

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted August 14, 2018**
Anchorage, Alaska

Before: HAWKINS, McKEOWN, and OWENS, Circuit Judges.

Greenpeace, Inc. and Cascadia Wildlands Project (collectively, "Greenpeace") appeal the grant of summary judgment in favor of the United States Forest Service, Tongass National Forest Supervisor Earl Stewart, and Alaska

---

    *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **   This appeal was previously referred to mediation which proved unsuccessful.

Regional Forester Beth Pendleton (collectively, "USFS") and denial of Greenpeace's motion to enforce in an action under the National Forest Management Act ("NFMA"), the National Environmental Policy Act ("NEPA"), and the Administrative Procedure Act ("APA"). Greenpeace challenges USFS's authorization of four timber sale projects in the Tongass National Forest. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand to the district court with instructions to grant Greenpeace's motion to enforce.[1]

First, it was not an abuse of discretion to strike two declarations by Dr. Victor Van Ballenberghe because they lack any relevant information not already contained in the administrative record. *See Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450–51 (9th Cir. 1996) (recognizing the presumption that courts are limited to reviewing an administrative record except in a narrow set of circumstances).

Next, USFS violated NFMA by relying on the VolStrata classification system and deer multiplier in approving the timber projects. *See* 16 U.S.C. § 1604(a), (i) (requiring compliance with forest plans). Specifically, VolStrata, which does not accurately measure forest structure, was too unreliable to be used in conjunction with the proxy on proxy approach of ensuring species viability. *See Lands Council v.*

---

[1] We deny Greenpeace's motion for judicial notice, (Doc. 31). Because we do not consider Greenpeace's citations to prior appeal briefs in its reply brief, we deny as moot USFS's motion to strike, (Doc. 33).

*Powell*, 395 F.3d 1019, 1036 (9th Cir. 2005) ("Crucial to [the proxy on proxy] approach . . . is that the methodology for identifying the habitat proxy be sound."). USFS argues that its application of an overestimating deer multiplier was harmless because its authorization would not change under a corrected deer multiplier. However, USFS failed to explain how its second remand calculations complied with the 1997 Forest Plan or, under its first remand calculations, why it was authorizing the projects despite lower-than-recommended deer habitat capabilities. *See In re Big Thorne Project*, 857 F.3d 968, 975–76 (9th Cir. 2017) (holding that land management plans do not set "hard viability minimums—like deer per square mile" but agencies must "rationally explain" why they authorized projects when deer carrying capacities dip below recommended viability minimums).

Finally, USFS violated NEPA by declining to supplement its NEPA documents despite significant new circumstances. 40 C.F.R. § 1502.9(c)(1)(ii) (requiring supplementation where there are "significant new circumstances or information relevant to environmental concerns and bearing on the proposed action or its impacts"). Significant new circumstances arose when USFS's reanalysis of the projects revealed below-guideline deer habitat capabilities. *See, e.g.*, *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 557 (9th Cir. 2000) ("[A]n agency that has prepared an [environmental impact statement or environmental assessment] cannot simply rest on the original document. The agency must be alert to new

information that may alter the results of its original environmental analysis . . . .").

We recognize this case has been litigated for over a decade; however, USFS has been given multiple opportunities to correct flaws in its project analysis and has ignored this court's guidance. *See Greenpeace, Inc. v. Cole*, 445 F. App'x 925, 927 & n.3 (9th Cir. 2011) (holding that USFS failed to articulate its rationale for using an overestimating deer multiplier and suggesting USFS either use a different data set or explain how VolStrata represents the best available science). Thus, we reverse the grant of summary judgment, vacate the denial of Greenpeace's motion to enforce, and remand with instructions to grant the motion to enforce, vacating USFS's approval of the four timber sale projects.

**REVERSED in part, VACATED in part, and REMANDED with further instructions**.